MEMORANDUM **
Robin Reid appeals the summary judgment entered on his claims under 42 U.S.C. § 1983 against the City of Beverly Hills and various members of the Beverly Hills Police Department for violations of his Fourth and Fourteenth Amendment rights stemming from his arrest for residential burglary. We affirm.
Reid argues that the district court applied the wrong standard by omitting and misstating facts and drawing improper inferences. We disagree. The court acknowledged the correct standards for summary judgment, and for whether the officers had probable cause. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993).
The crux of Read’s appeal is that the court failed to accept his position that reasonable police officers would have assessed the reliability and trustworthiness of the Blackburns’ accusations differently. While the officers could have done so, the historical facts were not in dispute and a material, triable dispute does not exist concerning the inferences that might reasonably be drawn from facts known to the arresting officers. See, e.g., Hart v. Parks, 450 F.3d 1059, 1066-67 (9th Cir.2006); Peng v. Penghu, 335 F.3d 970, 979-80 (9th Cir. 2003).
In the same vein, Reid submits that the officers ignored exculpatory evidence that the Blackburns’ accusations were retaliatory and untrustworthy. There is, however, no evidence that the officers ignored the fact that the Blackburns maintained a fraudulent residence and were contesting expulsion of their children on that basis by the Beverly Hills School District. Rather, the officers credited the Blackburns’ ap *573 parent candor in revealing these circumstances to them and, considering the totality of the circumstances, did not have to reach the same conclusion as Reid. Also, the officers corroborated Reid’s presence at the apartment and his opportunity to take the cash out of the closet. Cases upon which Reid relies, see, e.g., Beier v. City of Lewiston, 354 F.3d 1058 (9th Cir. 2004); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912 (9th Cir. 2001); Fuller v. M.G. Jewelry, 950 F.2d 1437 (9th Cir.1991); and Merriman v. Walton, 856 F.2d 1333 (9th Cir.1988), are therefore distinguishable.
We do not decide whether probable cause was lacking, see Pearson v. Callahan, 555 U.S.-, 129 S.Ct. 808, 822-23, 172 L.Ed.2d 565 (2009), for, even assuming the officers were mistaken, there is no law that would have made it clear to a reasonable police officer in these officers’ position that their assessment of probable cause violated Reid’s constitutional rights. Accordingly, the officers are entitled to qualified immunity based on their objectively reasonable, albeit mistaken, belief that there was probable cause. See Hunter v. Bryant, 502 U.S. 224, 227-29, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.